IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

CALVIN DWAYNE STANLEY                                            PLAINTIFF

v.                           Civil No. 1:21-cv-01011

SHERIFF RICKY ROBERTS, Union County, Arkansas;
CHARLIE PHILLIPS, Chief Deputy; NURSE RICE;
SERGEANT TUBBS; and OFFICER CALDWELL                 DEFENDANTS

**REPORT AND RECOMMENDATION**

This is a civil rights action filed by Plaintiff Calvin Dwayne Stanley pursuant to 42 U.S.C. § 1983. Plaintiff proceeds *pro se* and *in forma pauperis*. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2011), the Honorable Susan O. Hickey, Chief United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

The case is before the Court for preservice screening under the provisions of the Prison Litigation Reform Act. Pursuant to 28 U.S.C. § 1915A, the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

**I. BACKGROUND**

Plaintiff filed his Complaint *pro se* on February 26, 2021 naming Sheriff Ricky Roberts, Chief Deputy Charlie Phillips, Nurse Rice, Sergeant Tubbs, and Officer Caldwell – each of whom are employed by Union County at the Union County Jail. (ECF No. 1). His application to proceed *in forma pauperis* was granted that same day. (ECF No. 3). In that same order the Court directed Plaintiff to file an Amended Complaint by March 17, 2021. (ECF No. 3). The Court's order states in part:

> In the Amended Complaint, Plaintiff must write short, plain statements telling the Court: (1) the constitutional right Plaintiff believes was violated; (2) the name of

1

>the Defendant who violated the right; (3) exactly what the Defendant did or failed to do; (4) how the action or inaction of that Defendant is connected to the violation of the constitutional rights; and (5) what specific injury Plaintiff suffered because of the misconduct of that Defendant. *See Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976); Fed. R. Civ. P. 8. Plaintiff must repeat this process for each person he has named as a Defendant. Plaintiff is CAUTIONED that he must affirmatively link the conduct of each named Defendant with the specific injury he suffered. If he fails to do so, the allegations against that Defendant will be dismissed for failure to state a claim.

(ECF No. 3).

On March 18, 2021, Plaintiff filed an Amended Complaint. (ECF No. 6). After a review of the Amended Complaint the Court again ordered Plaintiff to file a Second Amended Complaint to clarify his claims once again against Defendants repeating the same instructions, he was given in the Court's first order directing him to file an Amended Complaint. (ECF No. 7). On April 7, 2021, the Court's second order directing him to file a Second Amended Complaint was returned for insufficient postage. (ECF No. 8). Accordingly, the order was resent to Plaintiff along with a third order directing him to file a Second Amended Complaint by April 28, 2021. (ECF No. 9). Plaintiff was again warned if he failed to follow the Court's instructions the allegations against the Defendants would be dismissed for failure to state a claim. *Id.*

On April 28, 2021, Plaintiff filed a Second Amended Complaint. (ECF No. 10). Plaintiff is currently incarcerated in the Union County Jail because of a parole violation. *Id.* at p. 3. Plaintiff names Sheriff Ricky Roberts, Chief Deputy Charlie Phillips, and Nurse Rice as Defendants. *Id.* at p. 2-3. However, Plaintiff mentions Sergeant Tubbs and Officer Caldwell in the body of his Second Amended Complaint. *Id.* at pp. 4-6. He is suing Defendants in both their individual and official capacities. *Id.* Plaintiff describes three claims and is seeking compensatory and punitive damages. *Id.* at p. 8.

Plaintiff describes Claim One as on January 17, 2021, "medical with chest pain. Nurse Rice, Sgt. Tubbs and officer Caldwell". (ECF No. 10, p. 4). When asked to describe the acts or omission of the Defendants that form the basis for Claim One and any harm caused by them Plaintiff states," It is the violatation of my rights it is on the dome camera." *Id.* Plaintiff describes his official capacity claim as "01-17-2021 Nurse Rice for dumping me out of the wheelchair on the floor". *Id.* at p. 5.

Plaintiff describes Claim Two and Three as "medical". He identifies the date of occurrence as "01-17-2021" and identifies "Nurse Rice, Sgt. Tubbs, and Officer Caldwell" as the Defendants involved. (ECF No. 10, p. 5-6). He describes the acts of omissions of these Defendants that form the basis for Claim Two and Three as "yes violated my rights". *Id.* He does not describe any harm caused by the Defendants. Plaintiff describes his official capacity claim for Claim Two as "01-17-2021 Nurse Rice for dumping me out of the wheelchair on the floor." *Id.* at p. 6. He describes his official capacity claim for Claim Three as "for dumping me out of the wheelchair onto the floor". *Id.* at p. 7.

## II.    APPLICABLE LAW

Under § 1915A, the Court is obligated to screen the case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action is malicious when the allegations are known to be false, or it is undertaken for the purpose of harassing or disparaging the named defendants rather than to vindicate a cognizable right. *Spencer v. Rhodes,* 656 F. Supp 458, 464 (E.D.N.C. 1987); *In re*

*Tyler,* 839 F.2d 1290, 1293-94 (8th Cir. 1988). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded . . . to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). This means "that if the essence of an allegation is discernable, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Jackson v. Nixon,* 747 F.3d 537, 544 (8th Cir. 2014) (cleaned up). However, the complaint must still allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

### III. DISCUSSION

#### A. Individual Capacity Claims

As set forth above, Plaintiff was given the opportunity to amend his Complaint twice, and was explicitly directed to write short, plain statements telling the Court: the constitutional right Plaintiff believes was violated; the name of the Defendant who violated the right; exactly what the Defendant did or failed to do; how the action or inaction of that Defendant is connected to the violation of the constitutional rights; and what specific injury Plaintiff suffered because of the misconduct of that Defendant. (ECF Nos. 3, 9). Plaintiff was advised that he must affirmatively link the conduct of each named Defendant with the specific injury he suffered. He was further advised if he failed to do so, the allegations against that Defendant would be dismissed for failure to state a claim.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege facts, which if proven true, would demonstrate the named defendants violated the plaintiff's federal constitutional rights while acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Although federal courts must view pro se pleadings liberally, such pleadings may not be merely conclusory. The complaint must allege facts, which if true, state a claim as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980).

Although Plaintiff names Sheriff Roberts and Deputy Phillips as Defendants on page 3 of his Second Amended Complaint, he does not identify them as being involved in any of his claims. While Plaintiff identifies Defendants Rice, Tubbs, and Caldwell as being involved in each of his three claims, he does not state any facts to describe how they were involved in a violation of Plaintiff's constitutional rights in their individual capacity. Accordingly, Plaintiff has failed to assert sufficient facts to state a claim upon which relief may be granted. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). I recommend Plaintiff's individual capacity claims be dismissed without prejudice.

**B. Official Capacity Claims**

As set forth above, in addition to suing the Defendants in their individual capacities, Plaintiff sues each Defendant in their official capacity. Official capacity claims are "functionally equivalent to a suit against the employing governmental entity." *Veatch v. Bartels Lutheran Home,* 627 F.3d 1254, 1257 (8th Cir. 2010). In other words, Plaintiff's official capacity claims against Defendants are treated as claims against Union County. *See Murray v. Lene,* 595 F.3d 868, 873 (8th Cir. 2010).

"[I]t is well established that a municipality [or county] cannot be held liable on a *respondeat superior* theory, that is, solely because it employs a tortfeasor." *Atkinson v. City of*

*Mountain View, Mo.*, 709 F.3d 1201, 1214 (8th Cir. 2013). To establish Union County's liability under section 1983, "plaintiff must show that a constitutional violation was committed pursuant to an official custom, policy, or practice of the governmental entity." *Moyle v. Anderson*, 571 F.3d 814, 817 (8th Cir. 2009) (citation omitted). To establish the existence of an unconstitutional policy, the plaintiff must point to "a deliberate choice of a guiding principle or procedure made by the municipal official who has final authority regarding such matters." *Mettler v. Whiteledge*, 165 F.3d 1197, 1204 (8th Cir. 1999).

In *Johnson v. Douglas County Medical Dept.*, 725 F.3d 825 (8th Cir. 2013), the Court outlined the necessary elements for establishing the existence of an unconstitutional custom. To establish a claim for "custom" liability, [Plaintiff] must demonstrate:

> 1) The existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees; 2) Deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and 3) That Plaintiff was injured by acts pursuant to the governmental entity's custom, *i.e.*, that the custom was the moving force behind the constitutional violation.

*Id.*, 725 F.3d at 828 (citations omitted).

Here, Plaintiff has not alleged any facts concerning an unconstitutional policy or custom of Union County that contributed to the alleged violation of Plaintiff's civil rights. When asked to describe the custom or policy he believed caused the violation of his constitutional rights he simply states, "It is the violatation of my rights it is on the dome camera" (ECF No. 10, p. 4), "01-17-2021 Nurse Rice for dumping me out of the wheelchair on the floor", and "for dumping me out of the wheelchair onto the floor". (ECF No. 10, pp. 4, 6-7). Accordingly, I recommend Plaintiff's official capacity claims be dismissed without prejudice.

## IV. CONCLUSION

For the foregoing reasons, I recommend all Plaintiff's claims in his Second Amended Complaint be **DISMISSED WITHOUT PREJUDICE.**

**I also recommend this dismissal be counted as a strike pursuant to 28 U.S.C. § 1915(g) and the Clerk be DIRECTED to place a § 1915 strike flag on the case.**

The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.

**IT IS SO ORDERED** this 5th day of May 2021.

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE