IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

CALVIN DEWAYNE STANLEY                                                    PLAINTIFF

v.                                      Civil No. 1:21-cv-1011

SHERIFF RICKY ROBERTS, Union County,
Arkansas; CHARLIE PHILLIPS, Chief Deputy;
NURSE RICE; SERGEANT TUBBS; and
OFFICER CALDWELL                                                          DEFENDANTS

**ORDER**

Before the Court is the Report and Recommendation filed by the Honorable Barry A. Bryant, United States Magistrate Judge for the Western District of Arkansas. ECF No. 11. Judge Bryant recommends that the Court dismiss all claims in Plaintiff's Second Amended Complaint. ECF No. 10. Plaintiff filed objections. ECF No. 12. The Court finds the matter ripe for consideration.

**I. BACKGROUND**

Plaintiff filed this action pursuant to 42 U.S.C. § 1983. He named as Defendants Sheriff Ricky Roberts and several employees of the Union County Jail. The Court ordered Plaintiff to file an amended complaint stating the constitutional right Plaintiff believed was violated, the name of the Defendant who violated that right, exactly what the Defendant did or failed to do, how the action or inaction of that Defendant is connected to the violation of the constitutional right, and what specific injury Plaintiff suffered because of the Defendant's misconduct. ECF No. 3. Plaintiff filed an amended complaint (ECF No. 6), but he did not follow the Court's instructions. Once again, the Court ordered Plaintiff to file a second amended complaint to clarify his claims,

and the Court repeated the same instructions as earlier.  ECF No. 7.  This order was returned for insufficient postage.  ECF No. 8.  Thus, the Court resent the order to Plaintiff, along with a third order directing him to file an amended complaint.  ECF No. 8.  Plaintiff was warned that if he failed to follow the Court's instructions, his claims would be dismissed for failure to state a claim.  ECF No. 8.

Plaintiff filed a second amended complaint.  ECF No. 10.  Plaintiff is currently incarcerated in the Union County Jail, and his second amended complaint describes three claims against Defendants in their individual and official capacities.   Plaintiff describes Claim One as "medical with chest pain.  Nurse Rice, Sgt. Tubbs and officer Caldwell."  ECF No. 10, p. 4.  When asked to describe the acts or omission of the Defendants that form the basis for Claim One and any harm caused by them, Plaintiff states, "[i] is the [violation] of my rights it is on the dome camera." ECF No. 10, p. 4.  Plaintiff describes his official capacity claim as "Nurse Rice for dumping me out of the wheelchair on the floor."  ECF No. 10, p. 5.

Plaintiff describes Claim Two and Three as "medical."  ECF No. 10, pp. 5-6.  He identifies "Nurse Rice, Sgt. Tubbs, and Officer Caldwell" as the Defendants involved.  ECF No. 10, pp. 5-6.  He describes the acts or omissions of these Defendants that form the basis for Claims Two and Three as "yes violated my rights."  ECF No. 10, pp. 5-6.  He does not describe any harm caused by the Defendants.  Plaintiff describes his official capacity claim for Claim Two as "Nurse Rice for dumping me out of the wheelchair on the floor." ECF No. 10, p. 6.  He describes his official capacity claim for Claim Three as "for dumping me out of the wheelchair onto the floor."  ECF No. 10, p. 7.

Judge Bryant recommends that Plaintiff's claims be dismissed for failure to assert sufficient facts to state a claim upon which relief may be granted.  ECF No. 11.  Plaintiff has filed

an objection to Judge Bryant's Report and Recommendation. ECF No. 12.

## II. DISCUSSION

Plaintiff does not state any specific objections to the Report and Recommendation. Instead, it appears that Plaintiff is attempting to add facts to his second amended complaint so that his claims will not be dismissed. Plaintiff states that he contacted "medical" because of chest pain, and Defendants Caldwell, Tubbs, and Rice came to his pod. He states that he could not sit up so Officer Caldwell helped him into a wheelchair. According to Plaintiff, he was handcuffed while sitting in the wheelchair when Defendant Rice told him to sit up. Plaintiff alleges that he could not sit up because of his chest pain, and Defendant Rice dumped him out of the wheelchair. Plaintiff further alleges that "Nurse Rice violated [his] civil rights by cruel and unusual punishment by dumping [him] out of the wheelchair handcuffed" and that Defendant "Caldwell assisted in placing me into the wheelchair handcuffed." ECF No. 12. He does not indicate to which claim or claims in his second amended complaint these alleged facts pertain.[1]

The operative complaint in this matter is Plaintiff's second amended complaint. ECF No. 10. To state a claim under 42 U.S.C. § 1983, a plaintiff must normally allege a violation of a right secured by the Constitution or the laws of the United States and that the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Walker v. Reed*, 104 F.3d 156, 157 (8th Cir. 1997). Even under liberal pleading standards, a pro se litigant, at the very least, must invoke rights under the Constitution or federal law to plead a § 1983 claim. *Walker*, 104 F.3d at 157-58. Also, the pleading must allege a sufficient causal link between the alleged violation and the basis upon which the defendant is to be held responsible,

---

[1] The only Defendants mentioned in Plaintiff's objection are Defendants Caldwell, Tubbs, and Rice. ECF No. 12. Plaintiff does not object to the recommended dismissal of Defendants Roberts and Phillips, who Plaintiff named as Defendants but did not state any facts to describe how they were involved in an alleged violation of his constitutional rights. ECF No. 10.

keeping in mind that persons sued in their individual capacities must be personally involved or directly responsible since § 1983 does not impose *respondeat superior* liability. *Ashcroft v. Iqbal*, 556 U.S. 662, 676-77 (2009); *Gordon v. Hansen*, 168 F.3d 1109, 1113 (8th Cir. 1999). Further, complaints that offer nothing more than labels and conclusions or a formulaic recitation of the elements are not sufficient. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

### A.  Individual Capacity Claims

In his second amended complaint, Plaintiff does not name the constitutional right Plaintiff believes was violated, does not name which Defendant violated that right, does not allege what all Defendants did or failed to do, and does not state a specific injury Plaintiff suffered. The only action alleged in the second amended complaint is Defendant Rice dumping him out of a wheelchair. In his objection, Plaintiff attempts to supplement facts. However, these alleged supplemental facts do not clarify Plaintiff's claims. Plaintiff does not identify which claims the supplemental facts are associated with, and Plaintiff does not allege a specific injury tied to these supplemental facts. Accordingly, the Court agrees with Judge Bryant's recommendation that Plaintiffs' claims against Defendants in their individual capacities should be dismissed.

### B.  Official Capacity Claims

An official capacity claim is "functionally equivalent to a suit against the employing governmental entity." *Veatch v. Bartels Lutheran Home*, 627 F.3d 1254, 1257 (8th Cir. 2010). Here, that entity is Union County. To establish Union County's liability under § 1983, Plaintiff "must show that a constitutional violation was committed pursuant to an official custom, policy, or practice of the governmental entity." *Moyle v. Anderson*, 571 F.3d 814, 817 (8th Cir. 2009) (citation omitted). In his second amended complaint, Plaintiff does not allege any facts regarding an unconstitutional policy or custom of Union County that contributed to the alleged violation of

his constitutional rights.  Thus, the Court agrees with Judge Bryant that Plaintiffs' claims against Defendants in their official capacities should be dismissed.

### III.  CONCLUSION

Upon *de novo* review of the Report and Recommendation, and for the reasons discussed above, the Court finds that Plaintiff offers neither law nor fact which would cause the Court to deviate from Judge Bryant's Report and Recommendation.  Accordingly, the Court hereby overrules Plaintiff's objection and adopts the Report and Recommendation (ECF No. 11) *in toto*. Plaintiff's claims against all Defendants are hereby **DISMISSED WITHOUT PREJUDICE**. The Clerk is directed to place a strike flag on this case pursuant to 28 U.S.C. § 1915(g).

**IT IS SO ORDERED**, this 16th day of November, 2021.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge